FILED
DISTRICT COURT
RICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARIO J. BOIARDI, ET AL.

vs.                              CIVIL ACTION NO. JKB-05-58

BERRY VAN LINES, INC.

RK'S OFFICE
BALTIMORE

DEPUTY

## MEMORANDUM

This diversity action was removed to the Court from the Circuit Court for Queen Anne's County.  The claim is for damages during interstate shipment to property of the plaintiffs by a firm engaged to store and move the property.  Part of the property was shipped to plaintiffs' residence and part to a consignee for auction.  The original complaint was caste in five common law counts, i.e., breach of bailment agreement, breach of contract, negligent performance of a contract, professional negligence, and breach of a covenant of quiet enjoyment.  By Memorandum and Order issued October 19, 2005, the Court granted to the plaintiffs leave to amend their complaint to include a count pursuant to 49 U.S.C § 14706  the so-called Carmack Amendment  and then awarded summary judgment to the defendant on the common law counts, finding that the Carmack Amendment preempts the field in cases of this type (Paper No. 29).

The defendant now has moved to dismiss the amended complaint Paper No. 31   The motion is supported by an affidavit and

exhibits and will be construed as a motion for summary judgment

motion has been fully briefed and no hearing is necessary
Local Rule 105.6. For the reasons set forth below, the motion will
be granted.

### I. Standard of Review

Generally, an award of summary judgment is proper in federal
cases when "the pleadings, depositions, answers to interrogatories,
and admissions on file, together with affidavits, if any, show that
there is no genuine issue as to any material fact and the moving
party is entitled to a judgment as a matter of law." Fed. R. Civ
P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The
burden is on the moving party to demonstrate the absence of any
genuine issue of material fact. *Adickes v. S. H. Kress & Co.*, 398

144, 157  1970). The facts themselves, and the inferences to
be drawn from the underlying facts, must be viewed in the light
most favorable to the opposing party. *Ross v. Communications
Satellite Corp.*, 759 F.2d 355  4th Cir. 1985).

On those issues on which the nonmoving party will have the
burden of proof, it is his or her responsibility to confront the
motion for summary judgment with an affidavit or other similar
evidence. In *Celotex Corp. v. Catrett*, 477 U.S. at 317, the
Supreme Court stated:

> In cases like the instant one, where the
> nonmoving party will bear the burden of proof

2

> at trial on a dispositive issue, a summary
> judgment motion may properly be made in
> reliance solely on the "pleadings,
> depositions, answers to interrogatories, and
> admissions on file." Such a motion, whether
> or not accompanied by affidavits, will be
> "made and supported as provided in this rule,"
> and Rule 56(e) therefore requires the
> nonmoving party to go beyond the pleadings and
> by her own affidavits, or by the "depositions,
> answers to interrogatories, and admissions on
> file," designate "specific facts showing that
> there is a genuine issue for trial."

Only disputes over facts which bear on the outcome of the suit under prevailing law are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Such factual disputes are "genuine" if a reasonable jury could return a verdict for a nonmoving party. *Id.*

### II. Issues and Analysis

The defendants assert (1 that the plaintiffs' claim is barred by their failure to have filed a written claim with the defendant within nine months of the date of delivery and (2) that in the event that the claim is allowed to go forward, the damages should be limited to the terms of the bill of lading. The Court will not reach the second issue because it finds the claim to be barred by plaintiffs' failure to timely file a written claim.

The defendant avers under oath that it never has received a written claim from the plaintiffs or plaintiffs' consignee. (Paper No. 31, Exhib. 1, Para. 7   This averment is not disputed by the

plaintiffs.   The defendant also avers that bills of lading were presented to and signed by Plaintiff Mario Boiardi and his consignee (Paper No. 31, Exhib. 1, Para. 3 and 4  and that the bills of lading contained a contract term providing that, as a condition precedent to recovery, any claim of loss had to be provided by written notice within nine months of delivery.   Paper No. 31, Exhib. 1, Para. 5 Exhib. D).   Plaintiff Boiardi acknowledges under oath that his signature is affixed to the bill of lading for the property delivered to his home, but denies that he received a copy of it and avers that he has no recollection of having seen the document that he signed.   As to the bill of lading for the property delivered to the consignee, Mr. Boiardi does not contend that it was not signed by an employee of the consignee, and, although he avers that he never received a copy of it, he is unable to deny that a copy was presented to the consignee.   Paper No. 37, Exhib. 1, Para. 15 and 16).   It is hornbook law, that, in the absence of fraud or other wrongful conduct by another contracting party, a person who signs a contract without reading it is bound by the terms of the contract and a dispute regarding that issue is one for summary judgment. See, 27 Williston on Contracts § 70:113 (4th Edit.   The defendant is entitled to summary judgment because the Boiardis failed to file a written claim within the time provided (or at all, for that matter  and such claim is a contractual precondition to any

4

recovery.[1]   *See, generally, Miracle of Life, L.L.C. v. North American Van Lines, Inc.,* 2006 WL 39000 (D.S.C.

An Order will be issued separately.

_____   _____
**Date** *March 10, 2006*   James K. Bredar
                            United States Magistrate Judge

---

[1]There is obvious commercial efficacy embodied in the contract provision requiring a timely claim of loss.  Otherwise, the carrier would be unfairly disadvantaged in the investigation of and defense against such claims.

5